IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERNEST SMALIS, ) | |
|                 Plaintiff, ) | |
| ) | |
|    vs. ) | Civil Action No. 13-1646 |
| ) | Magistrate Judge Maureen P. Kelly |
| ALLEGHENY COUNTY BOARD OF ) | |
| PROPERTY ASSESSMENT, APPEAL & ) | |
| REVIEW; ALLEGHENY COUNTY LAW ) | |
| DEPARTMENT; CITY OF PITTSBURGH ) | Re: ECF Nos. 15, 17, 19, 28 |
| LAW DEPARTMENT; CITY OF ) | |
| PITTSBURGH SCHOOL DISTRICT, ) | |
|                 Defendant. ) | |

## **OPINION**

**KELLY, Magistrate Judge**

      Plaintiff Ernest Smalis ("Plaintiff" or "Smalis") initiated this action pursuant to 42 U.S.C. § 1983 against Defendants Allegheny County Board of Property Assessment, Appeal and Review ("BPAAR"), Allegheny County Law Department ("County Law Department"), City of Pittsburgh Law Department ("City Law Department"), and City of Pittsburgh School District ("School District" and, together with BPAAR, County Law Department, City Law Department and School District, collectively "Defendants"). Plaintiff alleges that this Court has subject matter jurisdiction over his action pursuant to 29 U.S.C. § 1331, as he asserts claims against Defendants arising under the United States Constitution.

      In particular, Plaintiff alleges that Defendants failed to provide notice of tax assessments for commercial real estate owned by him for the years 2000 through 2009, and thereby precluded any appeals as to the assessed value of the property. Plaintiff claims that Defendants' conduct

1

violated his equal protection, procedural and substantive due process rights under the Fourteenth Amendment to the United States Constitution.

The School District has filed a Motion to Dismiss, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, contending that the Court lacks subject matter jurisdiction over Plaintiff's claims, because of the preclusive effect of a final state court judgment in an action filed by Plaintiff raising the same issues and arising out of the same facts. [ECF No. 15]. Defendants BPAAR and the County Law Department have filed Motions to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, contending that the allegations set forth in Plaintiff's Complaint fail to state a claim upon which relief may be granted, given the availability of an appeal procedure *nunc pro tunc*. [ECF Nos. 17, 19]. Defendant City Law Department joins in each of the Motions to Dismiss filed on behalf of co-Defendants, and further asserts that because the City of Pittsburgh is not the relevant taxing body, no claim against it can be sustained. Defendants seek dismissal of this action with prejudice, given the apparent futility of permitting any amendment to Plaintiff's complaint. [ECF No. 28].

For the following reasons, it is apparent that the Court lacks subject matter jurisdiction pursuant to the Tax Injunction Act, 28 U.S.C. § 1341, and, accordingly, this action is dismissed for want of jurisdiction and the Motions to Dismiss at ECF Nos. 15, 17, 19 and 28 are denied as moot.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff is the owner of commercial real property, identified at 4073 Liberty Avenue, located in the city of Pittsburgh, Allegheny County.[1] For the period December 14, 1999, through at least February 2010, Plaintiff was incarcerated in the Allegheny County Jail. Plaintiff alleges

---

[1] ECF No. 31-1, Exhibit L.

that for the entirety of his incarceration, the property has been "boarded up." Plaintiff alleges that on December 21, 1999, he sent a handwritten letter to "Allegheny County real Estate taxes and City of Pittsburgh" providing each entity with his new mailing address at the Allegheny County Jail.[2] However, Plaintiff claims that for the period 2000 through 2009, Allegheny County forwarded all property tax assessment notices, including changes to the valuation of his property, to the mailing address of the property, rather than to Plaintiff's prison address. Plaintiff alleges that as a result of this error, he was deprived of an opportunity to challenge his assessment during each of the years of his incarceration and his due process and equal protection rights were violated.

In the Complaint, Plaintiff alleges that he pursued the violation of his rights in Pennsylvania state courts. The docket in the state court action reveals that Plaintiff appeared before the BPAAR on March 17, 2011, challenging his assessment for each of the years 2000 through 2010, and alleging that his due process rights were violated because he did not receive proper notice of the assessed value of the property.[3] See, No. BV-11-000611 (Court of Common Pleas Allegheny County, Pennsylvania), Document No. 1. On March 21, 2011, the BPAAR denied Plaintiff's appeal for tax years 2001-2009. Plaintiff delayed appealing the decision until July 12, 2011, when he filed a petition to appeal *nunc pro tunc* in the Court of Common Pleas of Allegheny, challenging Allegheny County's failure to properly serve Plaintiff with a Notice of Assessment Change for each of the years at issue by mailing the notices to the jail address provided in 1999, and contending that the County's conduct "has deprived Petitioner of due process and the opportunity to file a timely appeal." In response, Allegheny County raised the

---

[2] A copy of the handwritten letter, without proof of mailing, is attached to his Complaint at ECF No. 2-1.

[3] A copy of the state court docket is attached to Plaintiff's Complaint at ECF No. 2-1, pp. 2-4.

defense of laches, arguing that Plaintiff's inaction for nearly twelve years barred the equitable relief requested.

On July 22, 2011, the Honorable R. Stanton Wettick, Jr. entered an Order granting Plaintiff's petition, but limited his appeal to tax year 2010. Plaintiff filed a motion for reconsideration, again raising the alleged violation of his due process rights. On July 29, 2011, Judge Wettick vacated his earlier order, and entered a rule to show cause on each of the tax authorities, ordering each to show why the petition should not be granted. On August 26, 2011, the trial court ordered Defendants to file answers, permitted discovery depositions in accordance with Rule 206.7 of the Pennsylvania Rules of Civil Procedure, and scheduled argument so the parties could be heard. No. BV-11-0006111 (Court of Common Pleas of Allegheny County Pennsylvania, August 30, 2011). On December 19, 2011, the trial court denied Plaintiff's petition *nunc pro tunc*. The trial court, in a Memorandum and Order of Court, found fault with Plaintiff's inaction:

> I agree with the taxing bodies that if petitioner, rather than petitioner's wife, was assuming responsibility for the property [during his incarceration], petitioner had an obligation to make inquiries during the ten-year period as to the annual assessments/tax notices. If petitioner was assuming responsibility for the property, he would have known that he should be receiving assessment and tax notices for each year. He would also have know[n] that for whatever reason his letter furnishing a new address had not resulted in the mailings coming to him.
>
> An appeal *nunc pro tunc* cannot be granted unless the property owner has exercised reasonable diligence…. If a party promptly files a request to appeal *nunc pro tunc* on the ground that it did not receive notice of the assessment, a court may allow the late appeal. However, this case law does not apply where a property owner fails to promptly act after he knew or should have known that he was not receiving assessment and tax notices.

No. BV-11-000611 (Court of Common Pleas of Allegheny County, December 19, 2011).

Plaintiff appealed the trial court's decision to the Commonwealth Court of Pennsylvania, again arguing that his due process rights were violated by Allegheny County's failure to forward

the assessment/tax notices to him at the Allegheny County Jail address. The Commonwealth Court reviewed the applicable tax assessment appeal procedures and the conditions upon which a judicial extension may be granted.

> On appeal, Smalis reasserts the same contentions in support of his request to appeal *nunc pro tunc*. There is no dispute that the time periods to challenge the assessments for tax years 2000 through 2009 have long since passed. Nor can there be any dispute that the statutory time limits for filing a tax assessment appeal are mandatory and a judicial extension of the period for appeal is generally not granted. See generally Connor v. Westmoreland County Bd. of Assessment Appeal, 143 Pa. Cmwlth. 86, 598 A.2d 610, 612 (Pa. Cmwlth. 1991). Leave to file an appeal *nunc pro tunc* may be granted, however, when the petitioner demonstrates that extraordinary circumstances, such as fraud or its equivalent, or negligence on the part of administrative officials, has led to the untimely appeal. Id. In Connor, this court noted that the failure to properly send a notice may constitute a breakdown in administrative operations, deemed to be equivalent to negligence on the part of administrative officials, warranting the grant of relief. Id. Accord Union Electric Corp. v. Bd. of Prop. Assessment, Appeals & Review of Allegheny County, 560 Pa. 481, 486, 746 A.2d 581, 584 (2000).
>
> In addition to demonstrating the existence of extraordinary circumstances, however, the petitioner must demonstrate that the untimely appeal was filed with reasonable diligence after the necessity for action was realized. H.D. v. Dep't of Pub. Welfare, 751 A.2d 1216, 1219 (Pa. Cmwlth. 2000); Kaminski v. Montgomery County Bd. of Assessment Appeals, 657 A.2d 1028, 1031 (Pa. Cmwlth. 1995). See also Amicone v. Rok, 839 A.2d 1109, 1114 (Pa. Super. 2003).

Smalis v. Allegheny Cnty. Bd. of Prop. Assessment, 2013 WL 3946234 (Pa. Commw. Ct., Feb. 22, 2013). The Commonwealth Court reviewed the record of Plaintiff's action and noted that Plaintiff failed to timely appeal the denial by the BPAAR dated March 21, 2011. The Commonwealth Court held that Plaintiff's delay until July 2011 independently showed the absence of due diligence in seeking available review of his tax assessments.

> Here, Smalis's own factual averments demonstrate that he failed to act with reasonable diligence. Specifically, he avers that he appeared before the Board in March 2011, seeking to appeal the assessments on his property for the tax years 2000 through 2010. According to his averments and exhibits, the Board denied him relief on March 21, 2011. Although the record does not reveal what initially

5

> caused Smalis to begin the assessment appeal process, the Board's denial clearly served as notice that his appeals were untimely and that further action was required if relief was believed to be warranted. Despite the Board's denial, Smalis's petition was not filed with common pleas until almost four months later, in July. There is no evidence to explain this delay and based upon precedent, that delay constitutes a lack of reasonable diligence as a matter law. See Dep't of Transp., Bureau of Traffic Safety v. Johnson, 131 Pa.Cmwlth. 51, 569 A.2d 409, 411 (Pa.Cmwlth.1990) (lack of reasonable diligence demonstrated by two month delay). Accordingly, common pleas did not err in denying leave to appeal *nunc pro tunc*

Id. at *3.

Plaintiff filed an appeal of the Commonwealth Court decision to the Pennsylvania Supreme Court, again contending that the failure to mail annual tax assessment notices to his Allegheny County Jail address violated his rights to due process. The Pennsylvania Supreme Court denied allocatur, No. 216 WAL 2013, 77 A. 3d 638 (Pa. Oct 9, 2013). Rather than appeal to the United States Supreme Court from the final order of the Pennsylvania Supreme Court, Plaintiff filed this action.

## II. STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). A federal court may exercise subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case "aris[es] under" federal law within the meaning of Section 1331 if "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 689–90 (2006) (alteration in original) (quoting Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 27–28 (1983)).

A federal court has a continuing obligation to assess its subject matter jurisdiction and can dismiss a suit *sua sponte* for lack of subject matter jurisdiction at any stage in the proceeding. See Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 420 (3d Cir. 2010). In reviewing a factual challenge to the court's subject-matter jurisdiction, the court may consider evidence outside the pleadings. See Gould Electronics Inc. v. U.S., 220 F.3d 169, 176 (3d Cir. 2000). The court, therefore, may consider documents attached to the complaint, matters of public record, indisputably authentic documents, Delaware Nation v. Pennsylvania, 446 F.3d 410, 413 n. 2 (3d Cir. 2006), documents that form the basis of a claim, Lum v. Bank of America, 361 F.3d 217, 221 n. 3 (3d Cir. 2004) (*abrogation on other grounds recognized by* In re Insurance Brokerage Antitrust Litigation, 618 F.3d 300, 323 n. 22 (3d Cir. 2010)), and "documents whose contents are alleged in the complaint and whose authenticity no party questions," even though they "are not physically attached to the pleading...." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002). Upon review, a complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim.

## III. DISCUSSION

### A. Subject–Matter jurisdiction under the Rooker–Feldman doctrine and the Tax Injunction Act

Before reaching the substance of Plaintiff's claim for violation of the due process and equal protection clauses of the Fourteenth Amendment, the threshold issue of subject-matter jurisdiction must be addressed. The School District argues that Plaintiff's claim is barred for lack of subject-matter jurisdiction pursuant to the Rooker–Feldman doctrine. It is apparent that jurisdiction over Plaintiff's claims also implicates the provisions of the Tax Injunction Act, 28 U.S.C. § 1341, and concepts of comity in tax matters as expressed in Fair Assessment in Real Estate Ass'n v. McNary, 454 U.S. 100, 102–03 (1981).

### 1. Rooker–Feldman Doctrine

The Rooker-Feldman doctrine recognizes that jurisdiction to review a state court's decision rests solely in the United States Supreme Court, see 28 U.S.C. § 1257. Accordingly, federal district courts lack subject matter jurisdiction over challenges that are the functional equivalent of an appeal of a state court judgment, Marran v. Marran, 376 F.3d 143, 149 (3d Cir. 2004), "even if those challenges allege that the state court's action was unconstitutional," D.C. Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983). "Under the Rooker–Feldman doctrine, a district court is precluded from entertaining an action, that is, the federal court lacks subject matter jurisdiction, if the relief requested effectively would reverse a state court decision or void its ruling." Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 192 (3d Cir. 2006) (citing Whiteford v. Reed, 155 F.3d 671, 674 (3d Cir.1998)). The Rooker–Feldman doctrine, therefore, precludes federal court jurisdiction over claims that were actually litigated in state court or claims that are "inextricably intertwined" with adjudication by a state court. Id. (citing Parkview Assoc. P'ship v. City of Lebanon, 225 F.3d 321, 325 (3d Cir. 2000)).

The United States Court of Appeals for the Third Circuit has concluded that there are four requirements that must be met for Rooker-Feldman to apply: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments. The second and fourth requirements are the key to determining whether a federal suit presents an independent, non-barred claim." Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 167 (3d Cir. 2010), citing, Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)

As to the second factor, the Court of Appeals explained that the Rooker–Feldman doctrine raises no bar to the exercise of federal jurisdiction when a plaintiff complains of an injury "caused by the defendant's actions and not by the state-court judgment" in question. The Court of Appeals went on to observe that an injury existing "prior to the [relevant] state-court proceedings" cannot be "'caused by' those proceedings." Great Western, 615 F.3d at 167.

> [W]hen the source of the injury is the defendant's actions (and not the state court judgments), the federal suit is independent, even if it asks the federal court to deny a legal conclusion reached by the state court:
>
> Suppose a plaintiff sues his employer in state court for violating both state anti-discrimination law and Title VII and loses. If the plaintiff then brings the same suit in federal court, he will be seeking a decision from the federal court that denies the state court's conclusion that the employer is not liable, but he will not be alleging injury from the state judgment. Instead, he will be alleging injury based on the employer's discrimination. The fact that the state court chose not to remedy the injury does not transform the subsequent federal suit on the same matter into an appeal, forbidden by Rooker–Feldman, of the state-court judgment.

Id., citing Hoblock v. Albany County Board of Elections, 422 F.3d 77, 87-88 (2d Cir. 2005).

In the instant case, Defendants contend that Plaintiff was denied relief in state court because the Court of Common Pleas of Allegheny County determined that Plaintiff failed to act with due diligence to protect his appeal rights. Thus, Defendants argue, it was the trial court's ruling on the defense of laches that "caused" Plaintiff's injury. Plaintiff responds that his injury occurred prior to his appeal to state court, and was caused by the repeated failure of Allegheny County to send his annual assessment notices to the correct address. It is this conduct that Plaintiff alleges resulted in his inability to challenge his assessment for the years 2000-2009. While a close question, the Court agrees that Plaintiff's alleged injury does not arise from the state court judgment; the state courts simply failed to remedy the alleged injury. Rooker-Feldman therefore does not divest the Court of jurisdiction over Plaintiff's action.

9

## 2. Tax Injunction Act

The Court, however, as previously noted, has a continuing obligation to assess its subject matter jurisdiction over an action and can dismiss a suit *sua sponte* for lack of subject matter jurisdiction at any stage in the proceeding, and for reasons not advanced by the parties. See Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d at 420. It is apparent that the Tax Injunction Act ("TIA"), 28 U.S.C. § 1341, divests this Court of jurisdiction over Plaintiff's action. The TIA prohibits a federal court from enjoining "the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." See Fair Assessment in Real Estate Ass'n v. McNary, 454 U.S. 100, 102–03 (1981);[4] Gass v. County of Allegheny, Pa., 371 F.3d 134 (3d Cir. 2004).

In addition, "taxpayers are barred by the principle of comity from asserting Section 1983 actions against the validity of state tax systems in federal courts" so long as "plain, adequate, and complete" remedies are available in state court. See McNary, 454 U.S. at 116. "Taken together, the Tax Injunction Act and the Supreme Court's decision in McNary make it clear that a federal court cannot entertain a suit posing either an equitable or a legal challenge to state or local taxes ... if a sufficient remedy ... is available in state court." Kerns v. Dukes, 153 F.3d 96,101 (3d Cir. 1998); see also Hill v. Carpenter, 323 F. App'x. 167 (3d Cir. April 22, 2009).

---

[4] In UPMC v. City of Pittsburgh, No.. 13-563, 2013 WL 5777157 (W.D. Pa. Oct. 25, 2013), the Court summarized the holding of Fair Assessment as follows, "the Supreme Court held that a federal court could not entertain a taxpayer's § 1983 lawsuit alleging that a state tax system was being unconstitutionally administered. 454 U.S. at 101. In reaching this holding, the Court emphasized that taxpayers must protect their federal constitutional rights by following state tax procedures so that the "State" is "first permit[ed] ... to rectify any alleged impropriety." Id. at 108 n. 6, 114, 116. Succinctly summarizing its own holding in Fair Assessment almost fourteen years after the case was decided, the Supreme Court stated that "[Fair Assessment ] held that because of principles of comity and federalism, Congress never authorized federal courts to entertain damages actions under § 1983 against state taxes when state law furnishes an adequate legal remedy."

To satisfy this standard, a state remedy "must be procedurally adequate and provide a full hearing and judicial determination at which [Plaintiff] may raise any and all constitutional objections to the tax." Kerns, 153 F.3d at 103 (internal quotations marks omitted). The fact that a state remedy may no longer be available at the time Plaintiff seeks a federal remedy is irrelevant; the test is whether an adequate state remedy ever existed for the plaintiff. See Sappington v. Pennsylvania, 535 F. Supp. 429, 431 (E.D. Pa.1982); see also Sacks Bros. Loan Co. v. Cunningham, 578 F.2d 172, 175 (7th Cir. 1978) ("[T]he taxpayer's failure to win in state court or to use the remedy properly does not negate the existence of the remedy.").

Plaintiff's action seeks injunctive relief in the form of an order requiring the allowance of an appeal *nunc pro tunc* before the BPAAR to challenge the assessed value of his property, which Plaintiff believes was assessed higher than comparative boarded up commercial properties in Allegheny County. The asserted basis for relief is the alleged violation of Plaintiff's rights in the administration of the tax laws as to him, through the purported lack of notice of his annual assessment and any changes thereto. However, the procedural history of this matter establishes unequivocally the existence of a plain, speedy and efficient remedy in Pennsylvania state courts. In particular, Pennsylvania law provides:

> No defect in service of any such notice of an assessment change shall be sufficient ground for setting aside any assessment so made, but upon proof thereof being made, the taxable person shall have the right to a rehearing before the board relative to said assessment and to appeal therefrom to the court of common pleas as hereinafter provided.

72 Pa. Stat. Ann. § 5452.15 (West), and see, 53 Pa. Cons. Stat. Ann. § 8845 (West) ("No defect in service of any notice shall be sufficient grounds for setting any assessment aside, but, upon proof of defective notice, the aggrieved party or taxing district shall have the right to a hearing before the board.").

11

Plaintiff availed himself of the existing state court remedy, challenging the lack of notice of his assessment on due process and equal protections grounds in accordance with Pennsylvania law. His appeal *nunc pro tunc* to the BPAAR raised constitutional challenges based upon the lack of notice due to the alleged mistake in his address of record as well as the lack of uniformity in the assessment of his boarded up property. Upon the denial of his appeal, Plaintiff then filed a belated appeal *nunc pro tunc* from the BPAAR to the Court of Common Pleas of Allegheny County, again contending that he had not had an opportunity to challenge his assessments as a result of Allegheny County error, and this resulted in the denial of due process.

The Court of Common Pleas of Allegheny County granted Plaintiff the opportunity to conduct discovery on the alleged error and scheduled a hearing to permit Plaintiff to establish grounds for relief. The trial court determined that Plaintiff's inability to challenge his assessment resulted from his own lack of due diligence and denied Plaintiff's petition. Plaintiff appealed the trial court's order to the Commonwealth Court and, ultimately to the Pennsylvania Supreme Court. His dissatisfaction with the result does not detract from the availability of an adequate state court remedy. See, e.g., Gass v. Cnty. of Allegheny, PA., 371 F.3d 134, 139 (3d Cir. 2004) ("[t]he Tax Injunction Act does not require that the state courts provide a favorable substantive outcome; instead, it only requires access to the state courts and an opportunity for meaningful review. [Plaintiff's] failure to obtain relief in the state courts does not impugn either the adequacy or the accessibility of the Commonwealth's courts").

It is evident that Plaintiff has access to and obtained meaningful review in state court of his challenge to the assessment of his property for the years 2000 – 2009. Accordingly, pursuant to the provisions of the TIA, this Court lacks subject matter jurisdiction over Plaintiff's action. Plaintiff's action is dismissed. The Clerk shall mark this matter closed.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's action is dismissed for lack of subject matter jurisdiction. An appropriate Order follows:

## ORDER

AND NOW, this 16th day of May, upon consideration of the Motions to Dismiss filed at ECF Nos. 15, 17, 19 and 28, and the briefs filed in support and in opposition thereto, as well as the exhibits attached to Plaintiff's Brief in Opposition and this Court's review of the underlying state court docket, for the reasons set forth in the accompanying Opinion, IT IS HEREBY ORDERED that Plaintiff's Complaint is dismissed for lack of subject matter jurisdiction, and Defendants' Motions to Dismiss are denied as moot.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if the Plaintiff wishes to appeal from this Order he or she must do so within thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P., with the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.

BY THE COURT:

/s/ Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: All counsel of record by Notice of Electronic Filing

Ernest Smalis
6652 Northumberland Street
Pittsburgh, PA 15217